**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | |
| Plaintiff, | |
| v. | Case No. 26-cv-1789-RJL |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | |
| Defendants. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff respectfully notifies the Court of the June 12 order granting the plaintiffs' motion for a preliminary injunction in *Floyd v. DOJ*, No. 1:26-cv-1399-LMB/IDD (E.D. Va.). That order and the hearing transcript with the court's reasons for issuing a preliminary injunction are attached, respectively, as Exhibits A and B.

At the June 12 motion hearing, Judge Brinkema discussed and followed up on specific questions posed by this Court at the June 10 motion hearing in this case. *See* Ex. B, June 12 *Floyd* Hr'g Tr. at 2-3, 5, 19 (court noting it was "very intrigued by what happened across the river" after "read[ing] the transcript with Judge Leon," confirming that Defendants' counsel still had no explanation for why Defendants will not rescind the "Anti-Weaponization" Fund's May 18 charter documents, and discussing other aspects of this case). Pertinent here, Judge Brinkema rejected Defendants' mootness defense because

> it's been pointed out in both the D.C. case and here that none of those statements, the oral statement before Congress or the written pleadings here, have been made under the penalty of perjury. They're not -- from an evidentiary standpoint, they don't have sort of the imprimatur of really serious potential sanctions if that is not a truthful representation. And the problem here is that that means the issue, in my view, is really not moot. . . . [T]here is a well-recognized exception to the

1

> mootness doctrine holding that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. . . . The bottom line is, I don't have in this record the type of uncontestable evidence that this could not be repeated that the Fourth Circuit and the Supreme Court requires when there is this type of cessation activity. . . . [I]n this record . . . we don't have the kind of absolute certainty that's required to guarantee that this fund might not rear its head in some other guise, perhaps, but that it would happen. And so the mootness argument, in my view, doesn't go anywhere.

*Id.* at 5-9. Judge Brinkema's June 12 order states that if the defendants seek "to avoid further litigation in this civil action," then "defendants Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward, Jr., and Secretary of the Treasury Scott Bessent" must file "a declaration under the penalty of perjury that they will not take any action to create or operate the Anti-Weaponization Fund, and that the AntiWeaponization Fund will not proceed in any manner, or under any name . . . by June 19, 2026." Ex. A, June 12 *Floyd* Order at 1.

The *Floyd* court's reasoning is consistent with Plaintiff's arguments in this case. As Plaintiff has explained, Defendants have fallen woefully short of their "formidable burden" to show mootness under the voluntary cessation doctrine by failing to offer any competent evidence whatsoever, let alone evidence making it "absolutely clear" that the Fund is permanently shuttered. *See* Pl.'s Reply at 5-9, ECF 16 (citing *First Choice Women's Res. Ctrs., Inc. v. Davenport*, 146 S. Ct. 1114, 1130 (2026); *FBI v. Fikre*, 601 U.S. 234, 241 (2024); *West Virginia v. EPA*, 597 U.S. 697, 720 (2022)). If, however, Defendants file in this suit the type of declarations described in Judge Brinkema's June 12 order, then Plaintiff's motion for preliminary relief would become moot.

The preliminary injunction in *Floyd* does not moot or otherwise alleviate Plaintiff's need for preliminary relief here. "[C]ourts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief." *Whitman-Walker Clinic, Inc. v. HHS*, 485 F.

Supp. 3d 1, 60 (D.D.C. 2020) (collecting cases). "[T]he existence of another injunction — particularly one in a different circuit that could be overturned or limited at any time — does not negate plaintiff's claimed irreparable harm." *Id.* (cleaned up). This Court should "decline[] to forbear" granting Plaintiff's requested relief where the "relevant out-of-circuit injunction could be stayed, modified, or otherwise vacated at any time." *Id.*; *accord Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 36, 57 n.9 (D.D.C. 2025).

Dated: June 15, 2026

Respectfully submitted,

*/s/ Nikhel S. Sus*
Nikhel S. Sus (D.C. Bar No. 1017937)
Kayvan Farchadi (D.C. Bar No. 1672753)
Stuart C. McPhail (D.C. Bar No. 1032529)
Stephen J. Buckingham (D.C. Bar No. 1562756)*
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
kfarchadi@citizensforethics.org
nsus@citizensforethics.org
smcphail@citizensforethics.org
sbuckingham@citizensforethics.org

* Admitted *pro hac vice*

3