## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CREW, *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 26-Cv-1789-RJL |
| | ) | |
| DoJ, et al., *Defendants.* | ) | |

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER (TRO)

### I. Summary

Intervenor Glenn H. Stephens III, Ph.D. (UCLA) J.D. (Berkeley Law) (Dr. Stephens), a "Trump Weaponization Fund" (Fund) Claimant pursuant to ***SETTLEMENT AGREEMENT, TRUMP V.[1] IRS (SDFL)*** moves for an emergency *ex parte* TRO to prevent the permanent, irreparable harm that will result if Congress goes on a five-week recess after confirming the Acting AG.

---

[1] It speaks volumes about the quality of Trump's lawyers Daniel Epstein and Alejandro Brito that they abbreviated "versus" in the Agreement's title as a "V" not a "v." Fund critics cannot fathom that Epstein and Brito may have made "rookie" drafting mistakes in drafting which will prevent the nefarious use of the Fund or permit its use against President Trump. For example, by placing the only reference to another administration – Biden – in the non-binding Recitals in Section II, Learned Hand and Roscoe Pound opened the door to the Fund paying monies and issuing apologies to the victims of Trump lawfare (e.g., James Comey), see Natalia Mittelstadt, "Comey on DOJ anti-weaponization fund: "I'm guessing I'll be in line," *The National News* (May 19, 2026). Or it has not dawned on anyone, for instance, that Dr. Stephens will use the Fund to file multi-million-dollar class claim against Senators Cornyn and Tillits for their spiteful, Trump-animus-driven lawfare against Fund Claimants.
Apparently, Dr. Stephens, alone among the sagacious "pundits" who opining on the Fund, has heard of the Law of Unintended Consequences.

## II. Facts[2]

1. Acting Attorney General Todd Blanche reportedly rescinded the Fund yesterday. See https://www.cnn.com/2026/08/02/politics/todd-blanche-anti-weaponization-fund-rescinded (visited August 3, 2026).

2. Acting Attorney General Blanche created the Fund on May 19, 206. See https://www.wsj.com/politics/policy/trump-family-irs-audit-settlement-analysis-4fa8cc66 (visited August 3, 2026)

3. Arguably Blanche has "TACO-ed" more than once regarding the Fund.

4. But because the President has not thrown in the towell, "Todd's TACO" may not be the last course. See https://www.washingtonpost.com/national-security/2026/07/31/why-blanches-assurance-that-payout-fund-is-dead-has-not-swayed-senators/ (visited August 3, 2026).

5. Trump as a party to the suit that gave rise to the Fund.

6. Blanche was not.

7. In legalese, arguably, under the Agreement, Trump is a delegator of duties including enforcement powers to delegatee Blanche. See Agreement Sec. III( C) ("the Attorney General of the United States agrees to create "The Anti-Weaponization Fund""), Sec. IV(A)(E)(F); Sec. VII.

8. The Intervenor/Movant is, arguably, an obligee.

---

[2]    An opponent of *Twiqbal*, the Movant supports *Conley* notice pleading. If propositions he views as factual might be deemed argumentative or conclusory, Movant will use the term "arguably" with propositions that "arguably" are both factual *and* argumentative.

9.  Dr. Stephens has argued in three Fund cases and his Claim that as an obligee that he has standing to intervene for enforcement.

10. "The Parties to this Settlement Agreement shall defend against any challenges to in in any forum." Sec. IX.

11. Senators Cornyn and Tillits have challenged the Agreement.

12. Todd's TACO constitutes a breach of the duties that President Trump, a Party to the Agreement, delegated to Blanche, arguably.

13. Since the AG Blanche is an accomplished attorney, his breach must be negligent not intentional.

14. Since the language of the Agreement's "defense" clause in Sec. IX is nondiscretionary ("shall") by AG Blanche must defend.

15. By TACO-ing yesterday, AG Blanche violated the Federal Torts Claims Act (FTCA), arguably.

16. The Acting AG's failure or refusal to defend the Agreement yesterday does fall within the discretionary function exemption of the FTCA.

17. The Acting AG's backsliding yesterday does not fall within the intentional torts exemption to the FTCA, arguably.

17. But because Intervenor/ Movant must exhaust administrative remedies before advancing to federal court, FTCA relief from the irreparable harm that will result if President Trump allows himself and his Acting AG to be bullied by Senators Cornyn and Tillits would be unavailing.

## III. The TRO Sought Complies with Federal Rule 65

Given the above facts or mixes of facts and argument, an emergency ex parte TRO estopping President Trump or Acting AG Blanche from shirking the obligation to "defend against any challenges" to the Fund must issue ex parte.

Why ex parte? There is simply not enough time before a Congressional recess call to have a hearing on the pros and cons of the Intervenor's Motion for an Emergency Ex Parte TRO. After the TRO issues, however, athe Parties Movant and amici can appear before Judge Leon days and argue the merits of a motion for a permanent injunction prohibiting any further TACO-ing.

Respectfully Submitted,

_____ **8/03/2026**
Glenn Stephens III Ph.D., Esq.
Stephens Arbitration, Mediation & Settlement
Post Office Box 120  Gilbertsville PA 19525
DrGHS3@gmail.com

4

**CERTIFICATE OF SERVICE**

On August 3, 2026 the above was emailed to the Court and Parties. Hard copies shall be mailed later the same evening.