**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Case No. 26-cv-1789-RJL |

**PLAINTIFF'S OPPOSITION TO "INTERVENOR'S MOTION"**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") opposes the "Intervenor's Motion" filed by Dr. Glenn H. Stephens III Ph.D. J.D. in the above-captioned case. (ECF No. 24). The motion is both procedurally and substantively deficient.

It appears that Dr. Stephens is attempting to move for a temporary restraining order to prevent Congress from going into recess while the status of the Anti-Weaponization Fund remains in doubt. *See* ECF 24-1 (styled as a "Memorandum in Support of Emergency Motion for an *Ex Parte* Temporary Restraining Order"). But Dr. Stephens is not a party to this case, and the Court has not granted Dr. Stephens leave to intervene. As a nonparty, Dr. Stephens lacks standing to move for relief in this case. *See, e.g., United States v. All Assets Held in the Inv. Portfolio of Blue Holding (1) Pte. Ltd. on Behalf of Traceable to Ridley Grp. Ltd.*, 712 F. App'x 13, 14 (D.C. Cir. 2018) (A movant "lacks Article III standing to contest the default in a proceeding in which he was not a party."); *Polyzopoulos v. Garland*, No. 20-cv-0804, 2021 WL 6849090, at *3 (D.D.C. Nov. 9, 2021) ("[A] nonparty . . . does not have standing to assert any further claims for relief[.]").

Even if the Court were to treat the pending motion as a motion to intervene, the Court should still deny the motion. The motion is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought," and therefore fails to comply with the procedures set forth in both the Federal Rules of Civil Procedure and the Local Civil Rules. Fed. R. Civ. P. 24(c); *accord* LCvR 7(j) ("A motion to intervene as a party . . . shall be accompanied by an original of the pleading setting forth the claim or defense for which intervention is sought.").

The motion also lacks substantive allegations that would support intervention. Rule 24 "outlines two different avenues by which a court can allow an outsider to intervene—intervention of right, and permissive intervention." *EEOC v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1044 (D.C. Cir. 1998). Rule 24(a) provides for intervention of right when a movant "is given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or "when a movant can demonstrate four requirements: 1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest." *Farmer v. EPA*, 759 F. Supp. 3d 101, 107 (D.D.C. 2024) (cleaned up). Dr. Stephens' motion does not identify a federal statute that grants him an unconditional right to intervene under Rule 24(a)(1), nor does it demonstrate the four requirements for intervention of right under Rule 24(a)(2).

Rule 24(b) provides for permissive intervention when a movant "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law." Fed. R. Civ. P. 24(b). Dr. Stephens' motion does not identify a federal statute that grants him a conditional right to intervene, nor does it allege a claim or

defense that shares a common question of law with the main action. The motion appears to seek an injunction that would prevent Congress from going into recess. *See* ECF 24-1 at 1. The claims and defenses at issue in the main action are unrelated to whether Congress is in recess or in session.

For these reasons, Plaintiff respectfully requests that the Court deny the motion. A proposed order is attached.

Dated: August 17, 2026

Respectfully Submitted,

*/s/ Stephen J. Buckingham*
Kayvan Farchadi (D.C. Bar No. 1672753)
Nikhel S. Sus (D.C. Bar No. 1017937)
Stuart C. McPhail (D.C. Bar No. 1032529)
Stephen J. Buckingham (D.C. Bar No. 1562756)
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
kfarchadi@citizensforethics.org
nsus@citizensforethics.org
smcphail@citizensforethics.org
sbuckingham@citizensforethics.org